This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39865**

**DAVID J. TERNLUND,**

>   Plaintiff and Counterdefendant and
>   Third-Party Defendant-Appellant/
>   Cross-Appellee,

v.

**JEAN J. DANON and TARA L. DANON**
**Trustees of the JEAN J. DANON and**
**TARA L. DANON LIVING TRUST,**

>   Defendants and Counterclaimants-
>   Appellees/Cross-Appellants,

and

**JEAN J. DANON and TARA L. DANON,**
**as individuals,**

>   Third-Party Plaintiff-Appellees/Cross-
>   Appellants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio J. Chavez, District Court Judge**

Egolf + Ferlic + Martinez + Harwood, LLC
Luke Pierpont
Brian Egolf
Santa Fe, NM

for Appellant

New Mexico Legal Center, P.C.
Lee Boothby
Taos, NM

for Appellees

**DECISION**

**DUFFY, Judge.**

**{1}**     Plaintiff appeals from a stipulated final judgment entered into by the parties, and Defendants cross-appeal from the district court's denial of their post-judgment motion to quash the appeal and sanction Plaintiff. We conclude the stipulated final judgment is not appealable because Plaintiff did not expressly reserve the right to appeal. Accordingly, we affirm and decline to reach the merits of either party's appeal.

**BACKGROUND**

**{2}**     The underlying case involved a dispute regarding Defendants' use of an easement across Plaintiff's land. Plaintiff filed a suit seeking a declaratory judgment and damages for breach of contract, while Defendants asserted various counterclaims. Both parties filed cross-motions for partial summary judgment on the declaratory judgment claim, and the district court granted summary judgment in favor of Defendants. In the summary judgment order, the district court certified the matter for interlocutory appeal. Plaintiff did not seek an interlocutory appeal. The district court later dismissed the case without prejudice for lack of prosecution after an extended period of inactivity.

**{3}**     Plaintiff moved for reinstatement and the district court set the matter for a hearing. In the interim, Plaintiff contacted Defendants and the parties agreed to enter into a stipulated final judgment that dismissed all of both parties' remaining claims with prejudice. The district court approved the parties' stipulated order of final judgment and dismissal and entered the final order on March 3, 2020. Plaintiff then appealed, seeking appellate review of the district court's summary judgment ruling. Defendants filed a motion seeking to quash the appeal, reinstate the case, and sanction Plaintiff. The district court denied the motion and Defendants appeal from that ruling.

**DISCUSSION**

**{4}**     New Mexico follows the general rule that "a party cannot appeal from a judgment entered with its consent." *Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 13, 273 P.3d 867. *Kysar* recognized an exception to the general rule that will allow a party to appeal from a consent judgment when four conditions occur: "(1) rulings are made by the district court, which the parties agree are dispositive; (2) a reservation of the right to challenge those rulings on appeal; (3) a stipulation to entry of judgment; (4) approval of the stipulation by the district court." *Id.* ¶ 17. In this case, the parties agree that the *Kysar* framework governs our review of whether Plaintiff may appeal from the parties' stipulated final judgment. Applying *Kysar* here, we observe that three of the four conditions are satisfied, and the only matter at issue is whether Plaintiff reserved the right to challenge the district court's rulings on appeal.

**{5}** Plaintiff asserts only that he reserved the right to appeal by expressly incorporating the order on summary judgment in the stipulated final judgment. We are not persuaded. The stipulated final judgment states,

1. The Court finds that [Plaintiff]'s claim, set forth in the Complaint at Count One, that the [Defendants]' use of the roadway for access to their short-term property is a commercial use of the roadway and violates the existing Easement Agreement is DENIED as set forth in its Order on [Plaintiff]'s and [Defendants]' Summary Judgment Motions.

2. The Court finds that its Order on [Plaintiff]'s and [Defendants]' Summary Judgment Motions did not resolve all outstanding claims . . . and counterclaims that were not resolved by summary judgment.

3. The Court finds that all remaining claims and counterclaims of [Plaintiff] and [Defendants] asserted in this litigation, which have not been resolved by this Court's Order on [Plaintiff]'s and [Defendants]' Summary Judgment Motions, are hereby dismissed upon the stipulation of the parties.

We perceive no express or implied reservation of the right to appeal in this language, and the incorporation of this document into the stipulated judgment does not alone reflect any intention to appeal from it. Therefore, because Plaintiff has not demonstrated that the *Kysar* exception is satisfied, we apply the general rule and conclude Plaintiff is not entitled to appeal the stipulated final judgment. *See id.* ¶ 13.

**{6}** Because our ruling on this point is dispositive, we do not address the remaining contentions raised in Plaintiff's appeal or Defendants' cross-appeal.

**CONCLUSION**

**{7}** We affirm.

**[8} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**